**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FIRST TIME VIDEOS, LLC,       )
                                   )
           Plaintiff,        )
                                   )
     vs.                    )      Case No. 11-cv-8732
                                   )
DOES 1-114,               )      Judge:
                                   )
           Defendants.     )

**MOTION TO QUASH**

NOW COMES Defendant Doe, as designated by IP Address 98.194.136.244, and moves this Honorable Court to quash the subpoena served upon Comcast Cable Holdings, LLC, on or about September 21, 2011, and in support of said motion, states the following:

**I. Introduction**

1.      Pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), Defendant Doe, as designated by IP Address 98.194.136.244 ("Doe"), moves to quash the subpoena served upon Custodian of Records, Comcast Cable Holdings, LLC ("Comcast"), because Doe has been misjoined to this lawsuit, Doe must be protected from the annoyance, embarrassment, oppression, and undue burden and expense associated with revealing his/her personal information, Doe's anonymous speech is privileged and protected by the First Amendment, and the subpoena seeks irrelevant information.

2.      Plaintiff sued Doe and 113 other "Doe" defendants in the United States District Court for the Southern District of Texas, Houston division, for allegedly reproducing and distributing an adult video owned by Plaintiff. (A true and correct copy of the Complaint is attached hereto as **Exhibit A**.) This case is proceeding in that court under case No. 11-cv-3041. The subpoena at issue, however, was issued by this court and served upon Comcast's registered

agent in Illinois. (A true and correct copy of the subpoena is attached hereto as **Exhibit B**.) As

conceded by Plaintiff in paragraph 4 of its Complaint, "Defendants' actual names are unknown

to Plaintiff. Instead, each Defendant is known to Plaintiff only by an Internet Protocol address

('IP address') . . . ."

3.      Doe is a resident of Texas. Comcast is an internet service provider that provides

internet service to customers, including Doe. Plaintiff is a producer of adult content media.

Plaintiff subpoenaed Comcast to compel the disclosure of Doe's address, telephone number, e-

mail address, and Media Access Control Address so that Plaintiff can name Doe in its copyright

infringement action.

4.      Plaintiff alleges that Doe conspired with the other 113 "Doe" defendants "in a

concerted action" to infringe the copyright of an adult video owned by Plaintiff. Plaintiff alleges

that Doe partook in the conspiracy on May 3, 2011, at 7:14 a.m.

5.      Doe lives in a large, densely populated complex and connects to the internet via

a modem and wireless router.

6.      Doe has standing to move to quash the subpoena because (1) Doe has been

misjoined to this lawsuit, (2) Doe must be protected from the annoyance, embarrassment,

oppression, and undue burden and expense associated with revealing his/her personal

information, (3) Doe's anonymous speech is privileged and protected by the First Amendment,

and (4) the subpoena seeks irrelevant information. Federal Rule of Civil Procedure 45(c)(3)(B)

permits a person affected by, but not subject to, a subpoena to move to quash the subpoena.

7.      According to the docket sheet for this lawsuit, not a single defendant has been

identified or served with process, nor has any defendant appeared or answered Plaintiff's

Complaint. Thus, at this moment, the U.S. District Court for the Southern District of Texas lacks

personal jurisdiction over any of the defendants, including Doe.

## II. Misjoinder

8.      The subpoena should be quashed because all of the Doe defendants have been misjoined. The lawsuit does not exist in a vacuum, and is merely one of the more recent attempts by a media producer alleging copyright infringement to improperly attempt to join hundreds, and sometimes thousands, of unnamed defendants in the same lawsuit.

9.      Federal Rule of Civil Procedure 20 sets forth specific standards for permissive joinder.  Rule 20 provides that defendants may be joined in a single action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*; and

> (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2) (emphasis added). "[M]erely committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *LaFace Records v. Does 1–38*, 2008 U.S. Dist. LEXIS 14544, *2 (E.D.N.C. Feb. 27, 2008). (A print-out of the *LaFace Records* decision is attached hereto as **Exhibit C**.) Although a court may not dismiss an entire action on grounds of misjoinder, it is common for courts to dismiss the misjoined defendants individually, even in the hundreds or thousands. *See On the Cheap, LLC v. Does 1–5011*, 2011 U.S. Dist. LEXIS 99831, *5 (N.D. Cal. Sept. 6, 2011) (5,010 defendants dismissed for improper joinder in pornographic BitTorrent copyright infringement suit); *Diabolic Video Productions, Inc. v. Does 1-2099*, 2011 U.S. Dist. LEXIS 58351, *5 (N.D. Cal. May 31, 2011) (2,098 defendants dismissed for improper joinder in pornographic BitTorrent copyright infringement suit); *Hard Drive Productions, Inc. v. Does 1–188*, 2011 U.S. Dist. LEXIS 94319, *15 (N.D. Cal. Aug. 23, 2011) (187 defendants dismissed for improper joinder in pornographic BitTorrent copyright infringement suit); *Pacific Century Int'l Ltd. v. Does 1–101*, 2011 U.S. Dist. LEXIS 73837, *4 (N.D. Cal. July 8,

2011) (100 defendants dismissed for improper joinder in pornographic BitTorrent copyright infringement suit). (Print-outs of the *On the Cheap, Diabolic Video, Hard Drive Productions, and Pacific Century* decisions are attached hereto as **Exhibits D, E. F, and G**, respectively.) "IP subscribers are not necessarily copyright infringers." *VPR Internationale v. Does 1–1017*, 2011 U.S. Dist. LEXIS 64656, *2 (C.D. Ill. Apr. 29, 2011). (A print-out of the *VPR Internationale* decision is attached hereto as **Exhibit H**.)

10.    Because Doe wishes to avoid making an appearance in this matter, he/she is not moving for dismissal or severance, but urges this Court to take whatever action it deems necessary in light of the misjoinder.

11.    Here, the joinder of the 114 unique "Does" that have been haphazardly penned into this lawsuit is improper because the joinder fails to satisfy the requirement that defendants' alleged misdeeds arose out of the same transaction, occurrence, or series of transactions or occurrences. FED. R. CIV. P. 20(a)(2). Plaintiff devotes substantial pages of its Complaint to explaining how BitTorrent allegedly is discrete from other P2P networks based on a user's membership in a "swarm," or collective uploading and downloading group. In its motion for leave to take expedited discovery, Plaintiff attaches the declaration of Peter Hansmeier, a self-declared "technician" who attempts to show how BitTorrent protocol differs from other P2P networks. (A true and correct copy of said motion, including the referenced declaration, is attached hereto as **Exhibit I**.) But Plaintiff's anticipatory attempt to defend an attack on its joinder is unavailing. Even if Plaintiff's depiction of swarm membership is accurate, and even assuming the defendants committed the alleged infringement, "the only commonality between copyright [BitTorrent swarm] infringers of the same work is that each 'commit[ted] the exact same violation of the law in exactly the same way.'" *Pacific Century Int'l*, 2011 U.S. Dist. LEXIS

4

73837 at *4 (citing *LaFace Records*, 2008 U.S. Dist. LEXIS 14544 at *2). Committing the same

violation in the same way as other defendants is insufficient to justify joinder.

12.     The court's reasoning in *Hard Drive Productions* is persuasive, and provides:

> [E]ven if the IP addresses at issue in this motion all came from a single swarm,
> there is no evidence to suggest that each of the addresses acted in concert with all
> of the others. In fact, the nearly six-week span covering the activity associated
> with each of the addresses calls into question whether there was ever common
> activity linking the 51 addresses in this case. In this age of instant digital
> gratification, it is difficult to imagine, let alone believe, that an alleged infringer
> of their copyrighted work would patiently wait six weeks to collect the bits of the
> work necessary to watch the work as a whole.  At the very least, there is no proof
> that bits from each of these addresses were ever assembled into a single swarm. .
> . .  Finally, nothing in the BitTorrent architecture changes the fact that each
> defendant also will likely have a different defense.

*Hard Drive Production, Inc.*, 2011 U.S. Dist. LEXIS 94319 at *13. The court in *Hard Drive*

*Productions* emphasizes the "six-week span covering" the alleged infringement, and the

improbability of "common activity" accompanying such a lengthy period. Here, according to

the Complaint, the alleged infringement spanned more than a twelve-week period—twice that

in *Hard Drive Productions*. Plaintiff offers no explanation for how Doe, and his/her 113 other co-

defendants, could have worked in concert when the alleged infringement occurred on separate

days. Moreover, courts have consistently rejected Hansmeier's declaration, which proliferates as

an exhibit within similar lawsuits. *See, e.g. Hard Drive Productions*, 2011 U.S. Dist. LEXIS 94319 at

*14 ("Further, although Hansmeier states [in his declaration] that he 'collected data on the peers

in the swarm' . . . the exhibit attached to the complaint reflects that the activity of the different

IP addresses occurred on different days and times over a two-week period"); *Hard Drive*

*Production*s *v. Does 1–53*, 2011 U.S. Dist. LEXIS 76048, *1 (N.D. Cal. July 14, 2011) ("Based on

Plaintiff's revised ex parte application and the revised declaration of Peter Hansmeier in

support . . . Plaintiff still has not established that the complaint could survive a motion to

dismiss based on improper joinder . . . ."). (A copy of this earlier *Hard Drive Productions* decision is attached hereto as **Exhibit J**.)

13.     This Court also should recognize the reality that each "Doe" will have unique factual circumstances, which in turn will generate unique legal defenses. As the United States District Court for the Eastern District of Pennsylvania noted: "Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiff's works. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants." *BMG Music v. Does 1–203*, 2004 U.S. Dist. LEXIS 8457, *1 (E.D. Pa. Apr. 2, 2004) (denying plaintiff's motion to reconsider dismissal of 200 Does for misjoinder—plaintiff urged the court to postpone joinder decision until after the identity of the Does could be ascertained, but the court found that this postponement would be inappropriate considering the obvious misjoinder). (A print-out of the *BMG Music* decision is attached hereto as **Exhibit K**.)

### III. Discretionary Severance

14.     Even if joinder of the Doe Defendants in this matter met the requirements of Rule 20(a) of the Federal Rules of Civil Procedure, "a Court may exercise its discretion to sever and dismiss all but one Doe Defendant to avoid causing prejudice and unfairness to Defendants, and in the interest of justice." *Hard Drive Productions*, 2011 U.S. Dist. LEXIS 94319 at *14.

15.     Because the defendants' alleged misdeeds in this matter do not arise out of the same transaction, occurrence, or series of transactions or occurrences, the defendants have been misjoined. Fed. R. Civ. P. 20(a)(2)(A); *On the Cheap*, 2011 U.S. Dist. LEXIS 99831 at *5; *Diabolic Video*, 2011 U.S. Dist. LEXIS 58351 at *5; *Hard Drive Productions*, 2011 U.S. Dist. LEXIS 94319 at *15; *Pacific Century Int'l*, 2011 U.S. Dist. LEXIS 73837 at *4. This Court's action on the misjoinder

should not be postponed pending revelation of the identity of the Does. *BMG Music*, 2004 U.S.

Dist. LEXIS 8457 at *1.

### IV. Annoyance, Embarrassment, Oppression, and Undue Burden and Expense

16.     The subpoena also should be quashed because Doe must be protected from the

annoyance, embarrassment, oppression, and undue burden and expense associated with

revealing his/her personal information. *See* FED. R. CIV. P. 45(c)(3)(A)(iv).

17.     Rule 26(c) of the Federal Rules of Civil Procedure "authorizes a district court to

modify or even quash a subpoena in order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." *In re Edelman*, 295 F.3d 171, 178 (2d

Cir. 2002). In an order denying certification for interlocutory review of the court's denial of

plaintiff's motion for expedited discovery ("the Order"), the United States District Court for the

Central District of Illinois noted:

> The ISPs include a number of universities . . . as well as corporations and utility
> companies. Where an IP address might actually identify an individual subscriber
> and address the correlation is still far from perfect . . . . The infringer might be
> the subscriber, someone in the subscriber's household, a visitor with her laptop,
> a neighbor, or someone parked on the street at any given moment.

*VPR Internationale v. Does 1–1017*, 2011 U.S. Dist. LEXIS 64656 at *4. *See* Ex. H. Like the ISPs

mentioned in the order in *VPR Internationale*, the ISPs in the Complaint in this matter include

Texas's largest university and many corporations and utility companies. Additionally,

Defendant Doe lives in a large, populous apartment complex, where an infringer could be

anyone on his/her floor or even floors above and below.

The Order also provides:

> Orin Kerr, a professor at George Washington University Law School, noted that
> whether you're guilty or not, "you look like a suspect." Could expedited
> discovery be used to wrest quick settlements, even from people who have done
> nothing wrong? *The embarrassment of public exposure might be too great*, the legal

system too daunting and expensive, for some to ask whether [the plaintiff] has competent evidence to prove its case.

Ex. J (emphasis added). Here, Plaintiff is utilizing the subpoena "to wrest quick settlements" from people who "have done nothing wrong[.]" *Id*. Plaintiff asserts the defendants partook in a conspiracy and engaged in "concerted action" to infringe Plaintiff's adult video, yet Plaintiff offers no evidence of any communication between the Does, that the Does knew each other, or even that the Does were aware of their alleged "conspirators'" existence. Because of the annoyance, embarrassment, oppression, and undue burden and expense associated with the revealing of Defendant Doe's personal information, the subpoena must be quashed.

### V. Improper Request for Disclosure of Privileged and Protected Matter

18.     The subpoena should also be quashed because Doe's anonymous speech is privileged and protected by the First Amendment. *See* FED. R. CIV. P. 45(c)(3)(A)(iii).

19.     The decision to remain anonymous "is an aspect of freedom of speech protected by the First Amendment." *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995). This fundamental right applies to a variety of contexts including an anonymous political leaflet, an internet message board, or a video-sharing site. *See Reno v. ACLU*, 521 U.S. 844, 870 (1997) (there is "no basis for qualifying the level of First Amendment scrutiny that should be applied" to the internet); *see also, e.g., Doe v. 2themart.com, Inc.*, 140 F. Supp. 2d 1088, 1092 (W.D. Wash. 2001) (the internet promotes the "free exchange of ideas" because people can easily engage in such exchanges anonymously). Moreover, the First Amendment protects anonymous publication of expressive works on the internet, even if the publication is alleged to infringe copyrights. *See Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004) ("[T]he use of P2P file copying networks to download, distribute or make sound recordings available qualifies as speech entitled to First Amendment protection."); *see also, e.g., Interscope Records v. Does 1–14*,

558 F. Supp. 2d 1176, 1178 (D. Kan. 2008); *UMG Recordings, Inc. v. Does 1–4*, 2006 U.S. Dist. LEXIS 32821, *2 (N.D. Cal. Mar. 6, 2006); *In re Verizon Inernet Servs. Inc.*, 257 F. Supp. 2d 244, 260 (D.D.C. 2003), *rev'd on other grounds*, 351 F.3d 1229 (D.C. Cir. 2003). (A print-out of the *UMG Recordings* decision is attached hereto as **Exhibit L**.) Attempts to pierce anonymity are subject to a qualified privilege that a court must consider before authorizing discovery. *See, e.g., Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987) (citing *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 438 (10th Cir. 1977) ("[W]hen the subject of a discovery order claims a First Amendment privilege not to disclose certain information, the trial court must conduct a balancing test before ordering disclosure").

20.     According to the balancing test articulated in *Dendrite Int'l, Inc. v. Doe No. 3*, a court must "balance the defendant's First Amendment right of anonymous free speech against the strength of the prima facie case presented and the necessity for the disclosure of the anonymous defendant's identity to allow the plaintiff to properly proceed." *Dendrite Int'l, Inc. v. Doe No. 3*, 775 A.2d 756, 760–61 (N.J. App. 2001). As demonstrated throughout this motion, Plaintiff's prima facie case for copyright infringement is weak, because it can neither link infringement to the individual Does nor show that the Does conspired to infringe Plaintiff's copyrighted media. Accordingly, the *Dendrite* balancing test weighs in favor of Defendant Doe, and this motion should be granted. *Id.*

### VI. Subpoena Seeks Irrelevant Information

21.     The subpoena also should be quashed because the information sought is irrelevant to Plaintiff's lawsuit. The reach of a subpoena issued pursuant to Federal Rule of Civil Procedure 45 is restricted to the general relevancy standard applicable to discovery under Federal Rule of Civil Procedure 26(b)(1). *Eisemann v. Greene*, 1998 U.S. Dist. LEXIS 4591, *2 (S.D.N.Y. Apr. 8, 1998) (granting motion to quash on ground that requested information was of

"doubtful and tangential relevance"); *Cofield v. City of LaGrange*, 913 F. Supp. 608, 614 (D.D.C. 1996) (court has authority to enforce broad relevancy standard against subpoena under Federal Rule of Civil Procedure 26(b)); *Sierra Rutile Limited v. Katz*, 1994 U.S. Dist. LEXIS 6188, *3 (S.D.N.Y. May 11, 1994) (*accord*). (Print-outs of the *Eisemann* and *Sierra Rutile* decisions are attached hereto as **Exhibits M and N**, respectively.)

22.     Here, as in *Eisemann*, the information Plaintiff seeks is of "doubtful and tangential relevance." *Eisemann*, 1998 U.S. Dist. LEXIS 4591 at *2. The information sought by Plaintiff in the subpoena is irrelevant because Plaintiff can neither link infringement to the individual Does nor show that the Does conspired to infringe Plaintiff's copyrighted media. Accordingly, the subpoena must be quashed. *Id.*

### VII. Conclusion

23.     Doe has established that he/she has been misjoined to this lawsuit; that he/she must be protected from the annoyance, embarrassment, oppression, and undue burden and expense associated with revealing his/her personal information; that his/her anonymous speech is privileged and protected by the First Amendment; and that the subpoena seeks irrelevant information. For these reasons, Defendant Doe moves this Court to quash the subpoena.

WHEREFORE, Defendant Doe, as designated by IP Address 98.194.136.244, respectfully prays this Honorable Court grant the instant motion and enter an order quashing the subpoena served upon Comcast Cable Holdings, LLC, on or about September 21, 2011.

Respectfully submitted,

JOHNSON & BELL, LTD.

By:     /s/Michael J. Linneman
        One of the attorneys for Defendant Doe,
        as designated by IP Address 98.194.136.244

10

Robert M. Burke
Michael J. Linneman
JOHNSON & BELL, LTD.
33 W. Monroe St., Suite 2700
Chicago, Illinois  60603
(312) 372-0770
burker@jbltd.com
linnemanm@jbltd.com

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2011, I electronically filed the foregoing **Motion to Quash** with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system and that copy of said motion was served upon the attorneys named below via first class mail through the United States Postal Service with postage prepaid on December 9, 2011.

/s/Michael J. Linneman

John Steele
Steele Hansmeier PLLC
161 N. Clark St., Suite 3200
Chicago, Illinois 60601

Douglas M. McIntyre
Douglas M. McIntyre & Associates
720 N. Post Oak Road, Suite 610
Houston, Texas 77024